P. Kristofer Strojnik, SBN 242728
Law Offices of Peter Strojnik
pstrojnik@strojniklaw.com
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
602.510.9409 (tel.)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>WOODSIDE HOTEL GROUP LTD., a California corporation dba The Stanford Park Hotel; STANFORD PARK HOTEL LLC, a Delaware limited liability company dba The Stanford Park Hotel,<br><br>Defendant. | Case No:<br><br>**VERIFIED COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Theresa Marie Brooke alleges:

## PARTIES

1. Plaintiff Theresa Brooke is a married woman. Plaintiff is legally disabled, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due to the loss of a leg.

2. Defendant, Woodside Hotel Group LTD., operates and does business as the hotel The Stanford Park Hotel located at 100 El Camino Real in Menlo Park, California (the "Hotel"). Defendant's hotel is a public accommodation pursuant to 42

1  U.S.C. § 12181(7)(A), which offers public lodging services. On information and belief,
2  Defendant's hotel was renovated after March 15, 2012.
3       3.     Defendant Stanford Park Hotel LLC owns and/or operates and does
4  business as the Hotel.
5       4.     Both Defendants are collectively referred to herein as "Defendant."
6       **SUMMARY OF ALLEGATIONS**
7       5.     Plaintiff Theresa Brooke brings this action against Defendant, alleging
8  violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et
9  seq., (the "ADA") and its implementing regulations and the California Unruh Civil
10 Rights Act ("Unruh"), California Civil Code §§51, 52. Specifically, Plaintiff brings this
11 action because Defendant's hotel does not comply with Section 503 of the 2010
12 Standards of Accessible Design; Defendant does not have an access aisle at the hotel
13 passenger loading zone that is compliant with Section 503.
14      **JURISDICTION**
15      6.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42
16 U.S.C. § 12188.
17      7.     The Court has supplemental jurisdiction over the state law claim. 28
18 U.S.C. § 1367.
19      8.     Plaintiff's claims asserted herein arose in this judicial district and
20 Defendant does substantial business in this judicial district.
21      9.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c)
22 in that this is the judicial district in which a substantial part of the acts and omissions
23 giving rise to the claims occurred.
24      **ALLEGATIONS**
25      10.    Plaintiff formerly worked in the hospitality industry and her husband
26 works in the travel industry. She and her husband are avid travelers to California for
27 purposes of leisure travel, court-related hearings, conferences and inspections, and to
28 "test" whether various hotels across the Country comply with disability access laws.

She has been to California countless times over the past few years for purposes of checking ADA compliance, leisure travel, and court-related conferences.

11. On a recent trip to the Bay Area, Plaintiff visited Defendant's hotel and stopped at Defendant's passenger loading zone directly in front of the lobby. The passenger loading zone is the area directly in front of the lobby that persons generally park for a short period while checking in or loading luggage.

12. Plaintiff could not access Defendant's lobby because the passenger loading zone did not have an access aisle that complies with Section 503 of the Standards. An access aisle is necessary to mark where other cars should not park, thereby creating a clear path to the lobby from the passenger loading zone for a person in a wheelchair.

13. The purpose of the access aisle is to mark a clear path for a person in a wheelchair to access the lobby from the passenger loading zone for disabled people in a wheelchair like Plaintiff. That is how this particular barrier relates to Plaintiff's particular disability.

14. An illustration of a correct access aisle is provided below, which is taken directly from the 2010 Standards and which was not provided by Defendant:



Figure 503.3
Passenger Loading Zone Access Aisle

3

15. Many hoteliers do not place an access aisle because it represents an "eyesore" to them.

16. Deterred at the lack of equality and inability to even access the lobby from the passenger loading zone, Plaintiff did not book a room.

17. Standing in an ADA case is demonstrated in one of two ways. First, an ADA plaintiff can demonstrate standing via deterrence. Second, an ADA plaintiff can demonstrate standing via injury in fact coupled with an intent to return to the PPA at issue. Both are demonstrated here.

18. Plaintiff is deterred from visiting Defendant's hotel in the future until and unless Defendant remedies the barrier referenced above. Plaintiff will not visit Defendant's hotel in the future until it provides free and equal access to the entirety of its property.

19. Plaintiff also intends on visiting Bay Area for leisure and further ADA testing later this year and will visit Defendant's hotel if it remediates the barrier at issue. Plaintiff travels to the Bay very often for leisure and testing. If remediation occurs, Plaintiff can then gain equal access as able-bodied consumers. Plaintiff may also have to return to the hotel and the Monterey for purposes of joint site inspections, ENEs or other court-related conferences and hearings. When she visits again, she will only visit the hotel at issue if Defendant has provided proof of remediation.

20. It is impossible for Plaintiff to re-encounter the injury at bar. Either Defendant remediates thereby allowing Plaintiff equal access, or Defendant refuses to remediate thereby deterring Plaintiff from visiting again.

21. It is readily achievable to modify the hotel to provide an access aisle. Providing an access aisle is extremely inexpensive.

22. Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel in violation of her rights under the ADA.

23. Other potential violations and barriers to entry at Defendant's hotel may be discovered during this litigation. It is Plaintiff's intention to cure all ADA violations

at this hotel in one lawsuit, and so she will amend this Complaint pursuant to *Doran* if additional ADA violations are discovered during the case.

## FIRST CAUSE OF ACTION

24. Plaintiff incorporates all allegations heretofore set forth.

25. Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

26. Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

27. In violation of the 2010 Standards, Defendant's hotel passenger loading zone does not have a disability access aisle as required by Section 503 of the Standards.

28. Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

29. Defendant's conduct is ongoing, and, given that Defendant has never fully complied with the ADA's requirements that public accommodations make lodging services fully accessible to, and independently usable by, disabled individuals, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

30. Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the

Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its passenger loading zone be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that all of its passenger loading zone is fully accessible to, and independently usable by, disabled individuals;

b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the ADA;

c. Payment of costs and attorney's fees;

d. The provision of whatever other relief the Court deems just, equitable and appropriate.

## SECOND CAUSE OF ACTION

31. Plaintiff realleges all allegations heretofore set forth.

32. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

33. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

34. Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

35. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount of $4,000.00, and not more.

36. Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the ADA;

c. Payment of costs and attorney's fees;

d. For damages in the amount of $4,000.00, the statutory minimum, and not more; and

e. The provision of whatever other relief the Court deems just, equitable and appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 5th day of November, 2020.

/s/ P. Kristofer Strojnik
P. Kristofer Strojnik (242728)
Attorneys for Plaintiff

# VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 5th day of November, 2020.

_____
Theresa Marie Brooke